IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREVOR ALLEN HOBAUGH,<br><br>Plaintiff,<br><br>v.<br><br>AMADOR COUNTY SHERIFF DEPARTMENT, et al.,<br><br>Defendants. | No.  2:24-CV-1078-DMC-P<br><br><br><br>ORDER |

        Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's first amended complaint, ECF No. 8.

        The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  This provision also applies if the plaintiff was incarcerated at the time the action was initiated even if the litigant was subsequently released from custody.  See Olivas v. Nevada ex rel. Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017).  The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is

entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. BACKGROUND

### A. Procedural History

Plaintiff initiated this action with a pro se complaint filed on April 10, 2024. See ECF No. 1. Plaintiff named the Amador County Sheriff's Department and Deputy Sheriff Jennifer Trantham as defendants. See id. On May 22, 2024, the Court issued an order addressing the sufficiency of Plaintiff's complaint. See ECF No. 6. The Court determined that Plaintiff failed to allege sufficient facts to establish an Eighth Amendment claim against Defendant Trantham based on disregard for Plaintiff's safety arising from unspecified statements made by Trantham. See id. Specifically, the Court stated that it was impossible to evaluate whether Plaintiff's allegations satisfy the elements of an Eighth Amendment safety claim because Plaintiff had not described the statements allegedly made by Trantham. See id. The Court also found that Plaintiff failed to state a claim against Defendant Amador County Sheriff's Department because Plaintiff did not allege implementation of a custom or policy which resulted in the claimed Eighth Amendment violation. See id. Plaintiff's original complaint was dismissed with leave to amend. See id.

///
///
///
///

B. **Plaintiff's Current Allegations**

In the currently pending first amended complaint, Plaintiff continues to name the Amador County Sheriff's Department and Deputy Sheriff Jennifer Trantham as defendants. See ECF No. 8, pgs. 1, 2. Plaintiff also newly names Stone, a Captain, as a defendant. See id. Plaintiff claims that Defendant Trantham was deliberately indifferent to his safety when, during the lunch line, Defendant told Plaintiff "I spoke to your buddy Mathew McMullen at his work; I told him that you are a rat, got beat up, and that you have been singing to the birds." Id. at 3. According to Plaintiff, he was assaulted in jail following this encounter. See id. The amended complaint contains no allegations relating to the Amador County Sheriff's Department or newly named Captain Stone.

## II. DISCUSSION

The Court finds that Plaintiff plausibly states a cognizable claim for relief under the Eighth Amendment against Defendant Trantham. It is reasonable to infer from the facts alleged that Trantham essentially labeled Plaintiff as a "snitch." It is also reasonable to infer, based on Plaintiff's further allegation that he was assaulted in jail after Trantham made this statement, that other inmates overheard what Trantham allegedly said. Finally, it is reasonable to infer by the nature of the statement allegedly made, that Trantham should have know of a risk to Plaintiff's safety. The Court is prepared to order service on Defendant Trantham.

The amended complaint, however, continues to fail to allege sufficient facts as against Defendant Amador County Sheriff's Department. Additionally, the amended complaint fails to allege any facts whatsoever as to Defendant Stone.

A. **Municipal Liability – Defendant Amador County Sheriff's Department**

As Plaintiff has been previously advised, municipalities and other local government units are among those "persons" to whom § 1983 liability applies. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). Counties and municipal government officials are also "persons" for purposes of § 1983. See id. at 691; see also Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989). A local government unit, however, may not be held

responsible for the acts of its employees or officials under a respondeat superior theory of liability. See Bd. of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997). Thus, municipal liability must rest on the actions of the municipality, and not of the actions of its employees or officers. See id. To assert municipal liability, therefore, the plaintiff must allege that the constitutional deprivation complained of resulted from a policy or custom of the municipality. See id.

Here, Plaintiff continues to name the Amador County Sheriff's Department as a defendant. Plaintiff, however, as with the original complaint, does not allege any facts to indicate that Defendant Trantham's conduct was the result of a policy or custom of the Amador County Sheriff's Department. The Court will grant Plaintiff one final opportunity to amend as to this defendant.

**B.   Causal Link – Defendant Stone**

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Plaintiff names Captain Stone as a defendant. Plaintiff has not, however, alleged any facts specific to Captain Stone. Plaintiff will be provided leave to amend.

/ / /

/ / /

/ / /

### III.  CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the Court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

Accordingly, IT IS HEREBY ORDERED that Plaintiff may file a second amended complaint within 30 days of the date of service of this order.

Dated:  August 27, 2024

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE